# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **TIMOTHY MILLARD GOODEN,**   ) | |
| ) | |
| Petitioner,   ) | |
| ) | |
| vs.   ) | Case No. 1:15-cv-00470-CLS-HGD |
| ) | |
| **CARTER F. DAVENPORT,**   ) | |
| **Warden, and THE ATTORNEY**   ) | |
| **GENERAL OF THE STATE**   ) | |
| **OF ALABAMA,**   ) | |
| ) | |
| **Respondents.**   ) | |

## MEMORANDUM OPINION

On June 2, 2015, the magistrate judge's report and recommendation was entered and the parties were allowed therein fourteen (14) days in which to file objections to the recommendations made by the magistrate judge. On June 9, 2015, petitioner filed objections to the magistrate judge's report and recommendation.

In his objections, petitioner asserts that he can overcome the statute of limitations bar of 28 U.S.C. § 2244(d) because he is actually innocent of the crime of conviction. *See McQuiggin v. Perkins*, ___ U.S.___, 133 S.Ct. 1924, 1931-34, 185 L.Ed.2d 1019 (2013). To show actual innocence of the crime of conviction, a movant "must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt" in light of the new evidence of innocence.

*Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 867, 130 L.Ed.2d 808 (1995). Petitioner has presented the court with a copy of an affidavit from John Peoples which appears to be dated September 17, 2005.[1] (Doc. 10 at 17). In the affidavit, Peoples states that petitioner only drove Peoples to the victims' house and then drove Peoples' truck away to return home, and that petitioner never set foot on the victims' property. Petitioner argues that he was not a participant in the murders, only an accomplice, and that he did not know what Peoples was going to do; therefore, he is actually innocent.

> Complicity is defined by *Ala. Code* § 13A-2-23:
>
> A person is legally accountable for the behavior of another constituting a criminal offense if, with the intent to promote or assist the commission of the offense:
>
> (1) He procures, induces or causes such other person to commit the offense; or
> (2) He aids or abets such other person in committing the offense; or
> (3) Having a legal duty to prevent the commission of the offense, he fails to make an effort he is legally required to make.

As explained in *Henry v. State*, 555 So.2d 768 (Ala.Crim.App. 1989):

> The words "aid and abet" encompass all assistance by acts, words of encouragement, or support, or presence, actual or constructive, to render assistance should it become necessary. *Wright* [*v. State*, 494 So.2d 936 (Ala.Crim.App. 1986)]; *Sanders v. State*, 423 So.2d 348 (Ala.Crim.App. 1982). Actual participation in the crime need not be proved by positive

---

[1] The court notes that Peoples was executed, based on his capital murder conviction, on September 22, 2005.

2

> testimony to convict someone of aiding and abetting. . . . Such facts as the defendant's presence in connection with his companionship, and his conduct at, before, and after the commission of the act, are potent circumstances from which participation may be inferred. *Sanders v. State, supra*; *Smith v. State*, 57 Ala.App. 151, 326 So.2d 680 (1975), *cert. denied*, 295 Ala. 419, 326 So.2d 686 (1976).

*Id.* at 769.  Additionally,

> Any word or act contributing to the commission of a felony, intended and calculated to incite or encourage its accomplishment, whether or not the one so contributing is present, brings the accused within the statute that makes any person concerned in the commission of a felony, directly or indirectly, a principal.  No particular acts are necessary to make one an aider and abettor. . . .

*Scott v. State*, 374 So.2d 316, 318-19 (Ala. 1979) (citation omitted).

In petitioner's case, the 2005 affidavit of John Peoples is not "newly discovered evidence." Further, petitioner has failed to show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt as an accomplice of Peoples by aiding and abetting him in the murders of the victims. Therefore, he cannot overcome the statute of limitations bar.

After careful consideration of the record in this case, the magistrate judge's report and recommendation and petitioner's objections thereto, the court hereby ADOPTS the report of the magistrate judge.  The court further ACCEPTS the recommendations of the magistrate judge that the petition for writ of habeas corpus be denied.

Pursuant to Rule 11 of the *Rules Governing § 2254 Cases*, the Court has evaluated the claims within the petition for suitability for the issuance of a certificate of appealability (COA).  *See* 28 U.S.C. § 2253.

Rule 22(b) of the Federal Rules of Appellate Procedure provides that when an appeal is taken by a petitioner, the district judge who rendered the judgment "shall" either issue a COA or state the reasons why such a certificate should not issue. Pursuant to 28 U.S.C. § 2253(c)(2), a COA may issue only when the petitioner "has made a substantial showing of the denial of a constitutional right."  This showing can be established by demonstrating that "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved in a different manner" or that the issues were "adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4, 103 S.Ct. 3383, 3394-95 & n.4, 77 L.Ed.2d 1090 (1983)).  For procedural rulings, a COA will issue only if reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right and whether the court's procedural ruling was correct.  *Id.*

The Court finds that reasonable jurists could not debate its resolution of the claims presented in this habeas corpus petition.  For the reasons stated in the magistrate judge's report and recommendation, the Court DECLINES to issue a COA with respect to any claims.

A separate order in conformity with this Memorandum Opinion will be entered contemporaneously herewith.

DONE this 12th day of June, 2015.

_____
United States District Judge